UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAIDA KASPAR and BRITTANI JOHNSON, | § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-11-1601 |
| STEVE LYNN MOORE and HT & SONS, INC., | § § § | |
| *Defendants*. | § | |

### MEMORANDUM AND ORDER

Pending before the court is plaintiff's motion to remand or, in the alternative, to transfer to the Corpus Christi Division. Dkt. 12. After considering the motion, the response, and the applicable law, the motion to remand is GRANTED and the motion to transfer is DENIED AS MOOT.

### BACKGROUND

Plaintiff Naida Kaspar filed her state court complaint against defendants regarding injuries she sustained in an automobile accident on January 9, 2010. Defendants did not believe her claim to be removable. Dkt. 1. On March 4, 2011, plaintiff Brittani Johnson, injured in the same accident, was added to the case as an additional plaintiff and, although she also alleges damages at less than the jurisdictional minimum, defendants removed the matter on March 23, 2011. *Id*. Defendants assert that Johnson's actual damages are clearly more than $75,000. *Id*. Defendants also argue that they are entitled to an equitable exception to the provisions of 28 U.S.C. § 1446(b), which states that "a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action" because plaintiff Johnson intentionally waited more than a year after suit was filed to join as a plaintiff so as to avoid federal removal jurisdiction. *Id*.

This case was initially docketed in the Houston Division upon removal, but was transferred to the Corpus Christi Division on March 28, 2011, because the state court lawsuit was filed within that division. Defendants filed a motion to transfer venue, and plaintiffs did not oppose that motion. The case was transferred here on April 26, 2011. Plaintiffs have now filed a motion to remand or, in the alternative, a motion to transfer the case back to the Corpus Christi Division, and defendants have opposed that motion. Dkts. 12 and 14.

## ANALYSIS

To establish subject-matter jurisdiction predicated on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. The parties agree that complete diversity exists, but contest whether the amount in controversy exceeds $75,000 with respect to new plaintiff Brittani Johnson. The court need not resolve the dispute concerning the amount in controversy, however, because the parties also agree that, absent an exception, removal is barred by the one-year limitation set forth in 28 U.S.C. §1446(b).

Congress enacted § 1446(b) to reduce the opportunity for removal after substantial progress has been made in state court. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003). However, the one-year limitation set forth in § 1446(b) is not jurisdictional, and the Fifth Circuit recognized an exception in *Tedford* to address situations where "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction." *Id*. A court may estop a plaintiff from relying upon the limit where the "plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights." *Id*. at 428-29. Courts must determine, based upon a review of the parties' conduct,

2

whether "it is equitable to strictly apply the one-year limit." *Id*. at 426. And, as part of the analysis, the court must balance the *Tedford* exception with the general rule construing removal jurisdiction strictly, because any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc*., 200 F.3d 335, 339 (5th Cir. 2000). "Contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, are resolved in the plaintiff's favor." *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N. D. Tex. 2009) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995)).

In *Tedford*, two plaintiffs filed suit against a pharmaceutical company and named a single non-diverse defendant, who was initially alleged to be both plaintiffs' treating physician, even though the physician had never treated Tedford. *Id*. at 424. Further, the other plaintiff's claim was filed in the wrong venue. The trial court severed the paintiffs' claims and transferred the other plaintiff's case to another county. *Id*. at 425. When the pharmaceutical company discovered that the doctor treated only one of the plaintiffs, it indicated its intent to remove. *Id*. at 424-25. Three hours after receiving notice that the pharmaceutical company would seek removal, Tedford amended her petition to name her treating physician as a non-diverse defendant. *Id*. The pharmaceutical company removed asserting that both treating physicians were fraudulently joined. *Id*. The district court granted the plaintiff's motion to remand. *Id*.

Importantly, after the case was remanded to state court, Tedford signed a notice of nonsuit against her treating physician, without taking any discovery from him, *before* the one-year anniversary of the filing of the suit, but then postdated the document to make it appear that it occurred *after* the expiration of the one-year period. *Id*. The pharmaceutical company, which had no notice of the nonsuit until after the one-year limit expired, again removed the case. The district court held that

3

removal was proper in spite of the one-year deadline. The Fifth Circuit affirmed finding plaintiff was "estopped from seeking to remand the case" both because the defendants "vigilantly sought to try the case in federal court" and because the plaintiff had engaged in "consistent forum manipulation." *Id*. at 428 n. 13.

The *Tedford* analysis is most directly applicable to cases that involve fraudulent joinder of non-diverse defendants for the sole purpose of denying a defendant the right to remove a case. In this case, however, defendants argue that *non-joinder* of a potential *plaintiff* is evidence of manipulation sufficient to warrant an exception to the one-year limit. The court has not located any case applying *Tedford* to this precise situation. The question, then, is whether *Tedford* should be extended to apply to a plaintiff's decision to refrain from joining in a lawsuit until the one-year period has expired so as to avoid federal diversity jurisdiction.

Courts have not limited *Tedford* to its specific facts, nor have they limited its application to cases involving fraudulent joinder of non-diverse defendants. The equitable exception to the one-year limitation has also been found to apply to situations where a plaintiff has manipulated pleadings concerning the amount in controversy–although district courts have often distinguished such cases from *Tedford* on the basis that even suspicious behavior does not necessarily rise to the level of "consistent forum manipulation" that *Tedford* requires. E.g., *Tran v. Citibank (South Dakota), N.A.*, C.A. 10-75, No. 2010 WL 3633595 (N. D. Tex. Sept. 20, 2010) (plaintiff's settlement demand far in excess of $75,000 after one year period expired, although giving rise to "aroma of manipulation" in light of prior pleading that the amount of damages was below the jurisdiction minimum, did not satisfy the *Tedford* standard); *Foster v. Landon*, C. A. No. 04-2645, 2004 WL 2496216 (E. D. La. Nov.4, 2004) (same); *Peres v. JPMorgan Chase Bank, N.A.*, C. A. No. 07-569, 2007 WL 1944376,

at *3 (N. D. Tex. June 19, 2007) ("merely suspicious behavior" of sending demand letter after one year period indicating amount in controversy exceeding statutory minimum not sufficient to establish forum manipulation).

This case is also distinguishable from *Tedford* due to the lack of "consistent," i.e., repeated, forum manipulation. Here, plaintiff Johnson took no affirmative action at all to deny defendants their right to remove, but instead simply did not file a lawsuit, or join in one, until the applicable period had run in the case filed by Kaspar. While this inaction by Johnson may be suspicious, and certainly has the "aroma of manipulation," the court in *Tedford* was faced with a much more egregious set of facts. There were repeated, baseless actions by the plaintiff to avoid removal in *Tedford*. Two non-diverse defendant were joined, at separate times, solely to defeat removal, even though Tedford had no possible claim against the first non-diverse defendant, and had no intention of pursuing a claim against the second. Additionally, Tedford then agreed to dismiss the last non-diverse defendant within a year from the time suit was commenced, but concealed that agreement and took the further affirmative action of post-dating the document, all for the sole purpose of forum manipulation. Here, in contrast, there is only the single decision by Johnson at issue–to wait a year before joining the lawsuit. In the court's view, there is no more "consistent" forum manipulation in this case than there was in *Tran*, *Foster* or *Peres*, and if remand was appropriate in those cases, it is appropriate here as well.

Further, in *Thomas v. Exxon Mobil Corp.*, C. A. No. 03-2269, 2003 WL 22533677 (E. D. La. Nov.5, 2003), the defendants argued that the plaintiff manipulated state joinder rules so that, long after the year period of § 1446(b) expired, claims were made that would have been removable had

they been stated earlier. The court in *Thomas* noted a distinction between alleged manipulation of *state* rules and the manipulation of *federal* rules that occurred in *Tedford*:

> Defendants do not attempt to argue that the fourth or sixth amending petitions were attempts by plaintiffs to manipulate the citizenship of the parties for the purpose of running the one year time clock, as was the case in *Tedford*. Rather, defendants argue that because each specific emission alleged in the sixth amending petition could have been brought as a separate lawsuit, thereby allowing defendants to remove each claim to federal court, plaintiffs have engaged in forum manipulation and wrongfully deprived them of their right to a federal forum.
>
> Defendant's reliance on Tedford is misplaced. **Although plaintiffs' decision to plead the specific emissions in an amended petition, rather than as stand alone claims, has the effect of keeping this class action in state court, this effect is not caused by a manipulation of the citizenship of the parties or [a] manipulation of the time limit in § 1446(b). The crux of defendants' argument is that plaintiffs' additional allegations are improper because this action is beyond what constitutes a proper class action lawsuit.** In substance, defendants' objection is that plaintiffs have manipulated state joinder rules. However, absent manipulation of the federal rules governing the timing for removal of diversity actions or the citizenship of the parties, there is no equitable reason to estop plaintiffs from relying on § 1446(b) to assert the untimeliness of removal.

*Id*. at * 6 (emphasis added). Much like *Thomas*, the crux of defendants' argument in this case arises from actions that Johnson took under state law. The plaintiffs in *Thomas* asserted the new emissions in an amended pleading because state law permitted them to do so, just as Johnson joined an existing lawsuit 13 months after it was filed, rather than filing her own lawsuit, because state law permitted her to do so. In fact, defendants actually tried to force Johnson to join the state lawsuit as a plaintiff in November, 2010, but their motion for compulsory joinder was denied by the state court. Dkt. 1 ¶ 5. This case, like *Thomas*, is distinguishable from *Tedford* both because the actions taken are not "consistent" forum manipulation, and because the plaintiffs simply took advantage of favorable state

6

court joinder rules, and did not engage in affirmative misrepresentations concerning facts relevant to federal removal statutes.

The court does not discount the possibility that, as defendants suggest, "plaintiffs have schemed more effectively than most [plaintiffs seeking to avoid federal court], based upon an opportunity not found in other cases . . . ." Dkt. 14 ¶ 17.  However, balancing that possibility against the clear distinctions between this case and *Tedford*, and resolving all doubts against removal, as this court must do, the court declines to extend an equitable exception to defendants in this case.

## CONCLUSION

After considering the motion, the response, and the applicable law, and in light of the lack of authority supporting application of the *Tedford* exception to the facts of this case, the motion to remand (Dkt. 12) is GRANTED and the motion to transfer is DENIED AS MOOT.  The case is hereby REMANDED to the County Court of Nueces County, Texas.

It is so ORDERED.

Signed at Houston, Texas on May 13, 2011.

_____
Gray H. Miller
United States District Judge